Matter of Michael DD. v Jamie EE. (2025 NY Slip Op 06567)

Matter of Michael DD. v Jamie EE.

2025 NY Slip Op 06567

Decided on November 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 26, 2025

CV-24-0390 CV-24-1102
[*1]In the Matter of Michael DD., Respondent,
v
Jamie EE., Appellant. (Proceeding No. 1.)
In the Matter of Jamie EE., Appellant,
v
Michael DD., Respondent. (Proceeding No. 2.)

Calendar Date:October 16, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Noreen McCarthy, Keene Valley, for appellant.
Lisa A. Burgess, Indian Lake, for respondent.
Trinidad M. Martin, Glens Falls, attorney for the children.

Aarons, J.P.
Appeals (1) from an order of the Family Court of Hamilton County (Tatiana Coffinger, J.), entered February 6, 2024, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered June 3, 2024, which, in proceeding No. 2 pursuant to Family Ct Act article 6, dismissed the petition.
Michael DD. (hereinafter the father) and Jamie EE. (hereinafter the mother) are the parents of two children, both born in another state in 2012. Pursuant to orders issued in 2013 and 2014 by an out-of-state court, the parties had joint legal custody of the children, with the mother having primary physical custody with the exclusive right to designate the children's primary residence within Hamilton County or certain other specified places. In July 2023, the father commenced the first of these two modification proceedings with the filing of a petition brought on by order to show cause seeking temporary physical custody of the children and to modify the prior orders by awarding him primary physical custody on a permanent basis. Family Court granted the father the requested temporary relief while a fact-finding hearing on the father's modification petition ensued, which petition the court granted in a February 2024 order. The mother thereafter filed her own modification petition, which petition the court dismissed for lack of jurisdiction in a June 2024 order. The mother appeals.[FN1]
"A party seeking to modify a prior order of custody must show that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child[ren] would be served by a modification of that order" (Matter of Kelly AA. v Christopher AA., 240 AD3d 1011, 1013 [3d Dept 2025] [internal quotation marks and citations omitted]). Testimony in this case indicated that, while the children were at school, the mother engaged in a physical altercation with a relative, resulting in the mother's eviction in July 2023 from the maternal grandmother's house where she had been residing. As a result, the mother intended to move with the children to another relative's home in a different county. That relocation would require the children to change schools for at least the third time in as many years. Such evidence provides a sound and substantial basis for Family Court's finding of changed circumstances, and thus the court appropriately inquired into "what custodial arrangement is in the best interests of the children" (Ricky SS. v Christine SS., 241 AD3d 1009, 1011 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]).
Family Court concluded that the children's best interests are best served by the father having sole custody of the children, and, deferring to the court's factual findings and credibility determinations, that conclusion is also supported by a sound and substantial record basis (see Matter of David JJ. v Tara [*2]KK., 240 AD3d 984, 986 [3d Dept 2025]; Matter of Kyle I. v Kandice K., 232 AD3d 1074, 1076 [3d Dept 2024]). The father testified that the children reside with him in the house he has owned for over 20 years, engage in multiple enriching activities together and spend time with their relatives on the father's side. Though the parties have had an acrimonious relationship throughout the children's lives, the father credibly testified to facilitating the children's relationship with members of the mother's family, whereas the mother attempted to limit the father's contact with the children based upon unsubstantiated allegations that the father was addicted to drugs and alcohol. Further, while this appeal was pending, the mother was charged with a serious crime and is incarcerated awaiting trial.[FN2] As such, the court's custody determination will not be disturbed (see Matter of Bush v Bush, 104 AD3d 1069, 1073 [3d Dept 2013]).[FN3]
The mother further contends that she did not receive the effective assistance of counsel; in particular, that trial counsel failed to offer into evidence an alleged audio recording of the father's "domestic violence" against her. The flash drive containing that recording was not submitted to this Court for review, and neither the record nor the briefs describe the recording. In the absence of proof to the contrary, trial counsel's alleged failure to offer the recording into evidence may have been a tactical decision (see Matter of Kyle I. v Kandice K., 232 AD3d at 1077; Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1011 [3d Dept 2018]). Similarly, the mother "failed to demonstrate the absence of strategy or legitimate explanation for counsel's failure to admit documentary proof" supporting testimony by the mother and another witness regarding the mother's employment status and living arrangements, and it is speculative to assert that such evidence would have led to a more favorable result for the mother (Matter of Jacklyn PP. v Jonathan QQ., 221 AD3d 1293, 1298 [3d Dept 2023]; see Matter of Sheena PP. v Edward QQ., 238 AD3d 1417, 1420 [3d Dept 2025]). Furthermore, the record reflects that counsel called several witnesses and elicited testimony favorable to the mother, thoroughly cross-examined the father and raised appropriate objections that were often sustained. "Viewed in totality, the record establishes that the mother received meaningful representation" (Matter of Brent O. v Lisa P., 161 AD3d 1242, 1247 [3d Dept 2018] [citations omitted]; see Matter of Jacklyn PP. v Jonathan QQ., 221 AD3d at 1298-1299). The mother's remaining contentions, to the extent not specifically addressed, have been considered and are without merit.
Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: The mother's challenge to Family Court's temporary custody order is moot, as it was superseded by the February 2024 final order of custody (see Matter of Jesse FF. v Amber GG., 222 AD3d 1254, 1255 n 3 [3d Dept 2023]). Further, the mother failed to raise any arguments challenging the June 2024 order, rendering her appeal therefrom abandoned (see Matter of Joshua PP. v Danielle PP., 205 AD3d 1153, 1160 [3d Dept 2022], lv denied 39 NY3d 901 [2022]).

Footnote 2: We further note that, even though the mother's alleged crime and resulting arrest occurred after Family Court issued both orders on appeal, the mother's appellate counsel failed to bring this significant development in the case to our attention.

Footnote 3: The mother's contention that Family Court impermissibly considered hearsay and irrelevant testimony is unpreserved for our review, as the mother did not object to the challenged statements (see Matter of Jacklyn PP. v Jonathan QQ., 221 AD3d 1293, 1298 [3d Dept 2023]; Matter of Donald G. v Hope H., 160 AD3d 1061, 1064 [3d Dept 2018]).